MARGARET E. PURCELL, Appellant, *v.* LONG ISLAND CITY, Respondent.

*Damages for malicious prosecution by a school trustee — evidence insufficient to charge the defendant, a municipal corporation, therewith.*

Upon the trial of an action brought against a municipal corporation to recover damages for false imprisonment it was shown that the complainant in the criminal prosecution was one of the school trustees of such municipality; that he, as such trustee, charged the plaintiff with feloniously stealing certain property belonging to such municipality; that its corporation counsel appeared on the trial and that the prosecution of such action was conducted by him; that the arrest of the plaintiff and the proceedings on her trial were published in the daily newspapers of such municipality; that her trial was adjourned from time to time and the corporation counsel of such municipality appeared on each of the adjourned hearings and prosecuted the criminal charge against the plaintiff, which charge was finally dismissed and the plaintiff discharged from arrest.

*Held,* that such evidence was insufficient to connect the municipality with the prosecution of such criminal charge.

APPEAL by the plaintiff, Margaret E. Purcell, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Queens on the 6th day of October, 1894, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the Queens County Circuit.

*I. Newton Williams,* for the appellant.

*William E. Stewart,* for the respondent.

DYKMAN, J.:

This is an action for the recovery of damages for malicious prosecution.

The case came on for trial at the Circuit, and after the jury had been impanelled and sworn the counsel for the defendant moved to dismiss the complaint because it was apparent that the plaintiff had no cause of action.

Thereupon the trial judge said to the counsel for the plaintiff, " We will take your statements of the facts connecting the city with the prosecution."

" Plaintiff's counsel states that he would offer proof to sustain the allegation connecting defendant with the acts of the trustees, and he

# 440    PURCELL v. LONG ISLAND CITY.

will show as follows: That the complainant in the criminal prosecution mentioned in the complaint was one of the school trustees of the fifth ward of Long Island City; that he was duly elected as such under the charter of the city and served in such capacity, and that he charged the plaintiff here as such trustee with feloniously stealing the property mentioned in the complaint, and, further, that the said property belonged to the defendant under the charter of Long Island City; that the corporation counsel of defendant appeared on the trial, and the prosecution of the action was conducted by the corporation counsel, and plaintiff offers proof of the other allegations of the complaint.

" THE COURT.— The Court holds that evidence, if proved, insufficient to connect the defendant, a municipal corporation, so as to render it liable.

" PLAINTIFF's COUNSEL.—We offer to prove that the plaintiff's arrest and Court proceedings of the trial referred to were published in the daily papers of Long Island City and New York City; that the trial was adjourned from time to time before the Police Justice before whom the trial was had, and the Corporation Counsel appeared on each of the adjourned hearings and prosecuted the criminal charge against plaintiff, which charge was dismissed and the plaintiff discharged from arrest, and that ended the proceedings.

" THE COURT.—I hold that it is insufficient to connect the municipality, assuming for the argument that every part of your cause of action would be established.

" Plaintiff's counsel excepts.

" Complaint dismissed.

" Exception by plaintiff."

It is not necessary, upon this appeal, to decide whether an action for malicious prosecution can be maintained against a municipal corporation, because the facts fail to connect the defendant with the prosecution in this case.

It is a case of failure of proof to sustain an alleged cause of action.

The judgment should be affirmed, with costs.

PRATT, J., concurred; CULLEN, J., not sitting.

Judgment affirmed, with costs.